UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOMA TEMPLE and AUM RUDRAKSHA DESIGNS,<br><br>Plaintiffs,<br><br>v.<br><br>MALA COLLECTIVE,<br><br>Defendant. | Case No.<br><br>Hon.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Soma Temple and Aum Rudraksha Designs (collectively, "Plaintiffs"), by and through their undersigned counsel, for their Complaint against Defendant Mala Collective, allege as follows:

### JURISDICTION AND VENUE

1. This is an action for: (i) unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), and (ii) breach of contract under New York law.

2. This Court possesses subject matter jurisdiction over the Lanham Act claim pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court possesses subject matter jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367(a), because that claim is so related to the Lanham Act claim that they form part of the same case or controversy.

3. This Court possesses personal jurisdiction over Defendant Mala Collective pursuant to N.Y. C.P.L.R. § 302(a)(1), because the Defendant transacts business within this state, including in this judicial district, and contracts to supply goods or services in the state, including in this judicial district. On information and belief, Defendant Mala

Collective transacted business within New York and/or contracted to supply goods or services in New York; and, has committed a tortious act within New York, namely, the offer for sale and sale of confusingly similar malas and other jewelry, including but not limited to rudraksha bead malas and other jewelry in a manner designed to create a likelihood of confusion, or to cause mistake, or to deceive reasonable consumers that Mala Collective's malas and other jewelry items are affiliated with, connected with or associated with Ms. Temple and/or Aum Rudraksha Designs, or that Ms. Temple and Aum Rudraksha Designs sponsor or approve of Mala Collective's actions.

4. Venue is proper in this District under 28 U.S.C. Sections 1391(a) and (b) and 1400(a), since Defendant Mala Collective is subject to the Court's personal jurisdiction and a substantial portion of the misconduct by Defendant Mala Collective here alleged occurred in this District.

## THE PARTIES

5. Plaintiff Soma Temple ("Ms. Temple"), a resident of Bali, Indonesia, is the owner and designer of Aum Rudraksha Designs, also in Bali, Indonesia. Ms. Temple resides at Jl. Pantai Bingin, Villa soma, Pecatu, Bali, Indonesia 80364

6. Plaintiff Aum Rudraksha Designs ("ARD") is a company organized and existing under the laws of the country of Indonesia, with a place of business at Jl. Raya uluwatu 108, Diblakan Pitstop, Pecatu, Bali Indonesia 80364

7. Ms. Temple is the designer and creator of unique malas, rosaries and jewelry incorporating rudraksha beads and gemstones. The malas, rosaries and jewelry are offered for sale and sold worldwide via ARD and its international distributors.

8. ARD is a Balinese company that offers for sale and sells the unique malas, rosaries and jewelry created and designed by Ms. Temple. ARD offers these products for sale via its Internet website, www.aumrudraksha.com, through a group of international distributors.  ARD distributes its products in the United States in two ways: (i) though the company Bali Malas, which has an Internet website at www.balimalas.com and offices in Minnetonka, MN, Boulder, CO and Madeline Island, WI; and (ii) via the Internet website at www.aumrudraksha.us.

9. On information and belief, Defendant Mala Collective is a company organized and existing under the laws of Canada with its principal place of business at 422 Richards St #200, Vancouver, BC V6B 2Z4, CANADA.

10. On information and belief, Mala Collective offers for sale and sells malas, rosaries and jewelry, including malas, rosaries and jewelry incorporating rudraksha beads and gemstones, via its Internet website, www.malacollective.com. On information and belief, Mala Collective products are shipped to customers, inter alia, in the United States, including, on information and belief, the State of New York.

## FACTS

### *Ms. Temple and ARD*

11. Ms. Temple is an internationally-renowned developer and designer of malas and other jewelry items incorporating rudraksha beads.  Through her extensive efforts, Ms. Temple and ARD Designs have developed a worldwide reputation for designing rudraksha bead-incorporating malas and other jewelry.  Ms. Temple's jewelry has been featured in prominent publications in many countries, and also appears

3

prominently in the movie version of "Eat, Pray, Love," where the actress Julia Roberts can be seen wearing one of her designs.

12. Since at least as early as 2003, ARD has advertised, offered for sale and sold the unique malas, rosaries and other jewelry designed by Ms. Temple, throughout the world, including in the United States. Attached as Exhibits 1 and 2 are pages from ARD's Internet website as well as the Internet website of ARD's United States distributor Bali Malas.

13. Ms. Temple's name and story, and ARD's unique logo, appear prominently on ARD's Internet website, as well as in ARD's advertising material. See Exhibit 1.

14. Ms. Temple and ARD have devoted and currently devote significant resources to ARD's promotional efforts of Ms. Temple's designs worldwide and in the United States.

15. ARD and its distributors, including its United States distributors, have conducted and are conducting substantial national and local advertising and promotion featuring the unique ARD logo and Ms. Temple's name, story and designs.

16. Through ARD's and its distributors' exclusive use and promotion, the unique ARD logo and Ms. Temple's unique designs have further become distinctive and uniquely associated with Ms. Temple and ARD for rudraksha bead-incorporating malas, rosaries and other jewelry.

17. The ARD logo and Ms. Temple's unique mala, rosary and other jewelry designs have acquired distinctiveness based upon extensive and continuous sales and advertising for more than ten years.

18. Based upon ARD's exclusive and continuous use of the unique ARD logo and its exclusive and continuous offer for sale and sale of Ms. Temple's unique designs, internationally and in the United States, for more than ten years, and ARD's substantial resources allocated to marketing, advertising and promoting Ms. Temple's designs, those designs and ARD have acquired distinctiveness and secondary meaning in the trade and among relevant consumers throughout the world and in the United States.

19. The goodwill in connection with Ms. Temple's unique designs is strong and well developed and the reputation of Ms. Temple's designs is excellent and well recognized throughout the jewelry trade and by the general public.

20. ARD's logo and Ms. Temple's unique designs are well known throughout the world and in the United States as a source of origin for ARD's malas, rosaries and other jewelry items containing rudraksha beads.

21. ARD's products incorporating Ms. Temple's designs advertised and marketed extensively throughout the world and in the United States. ARD has and continues to expend substantial resources establishing the ARD name and Ms. Temple in the minds of consumers as a source of unique jewelry products incorporating rudraksha beads.

22. Today, as a result of those efforts, ARD and Ms. Temple have become associated in the minds of purchasers as the source for unique jewelry designs incorporating rudraksha beads.

23. As a result of ARD's (and its distributors') and Ms. Temple's extensive and continuous advertising of her rudraksha bead-containing designs, the use of rudraksha beads in malas, rosaries and other jewelry is so associated with Ms. Temple

5

and ARD, that use of rudraksha beads in malas and other jewelry will create the impression among likely consumers that the source of that jewelry is affiliated with or approved or endorsed by Ms. Temple and ARD.

### *Agreement with Mala Collective; Mala Collective's Breach, Improper Acts*

24.     As set forth above, Ms. Temple views her reputation for high-quality rudraksha bead-incorporating malas and other jewelry as a valuable proprietary asset, and thus has taken substantial steps to monitor and control the distribution and quality of her jewelry designs.

25.     Ms. Temple's rudraksha bead-incorporating malas and other jewelry are sold internationally by a large network of distributors, including, until recently, Mala Collective.  To that end, all of Ms. Temple's and ARD' distributors are required to enter into a detailed contractual agreement expressly setting forth ARD's mission, values, goals, etc., as well as the obligations and restrictions applicable to the various distributors.

26.     Mala Collective entered into such an agreement with ARD in March 2015. A copy of the agreement is attached as Exhibit 3.

27.      Under the express terms of that agreement, inter alia:

- Distributors pledged themselves to care about the company's (ARD's) reputation, adhering to high ethical principles according with the spirit of cooperation among distributors;

- Each distributor's advertising for malas was ONLY for the designated territory.  This included advertising via social media;

6

- Advertising of free items or free shipping offers outside of the designated territory was strictly forbidden;

- Retail online sales outside of the territory could be accepted only if the sale was received organically through a distributor's website, without direct marketing from outside of the designated territory;

- Requests for online wholesale orders outside of the territory could be fulfilled; however, the distributor was required to notify the wholesale client that there was an Official ARD Distributor in that territory. In addition, the official distributor must be included in communications with the wholesale client;

- Wholesale orders outside of the territory must be referred to the Official Distributor for that Territory. Such orders may not be fulfilled until the Official Distributor for the territory has been contact and a workable agreement has been reached; and

- Direct marketing and selling outside of the designated territory were prohibited without written permission from the Official Distributor for that territory.

28. In addition, Mala Collective's agreement with ARD included the following provisions (see Exhibit 3):

- Mala Collective is only allowed to market Mala Collective as "The Official Distributor for Canada and The UK" for malas from ARD;

- ARD will continue to safeguard Mala Collective-designed malas. Custom malas designed by Mala Collective are exclusive to Mala Collective;

- Malas created by ARD for Mala Collective are owned by ARD and may not be sold or reproduced by another manufacturer; and

- All malas containing rudraksha beads sold by Mala Collective must come from ARD.

29. On information and belief, Mala Collective terminated its contractual arrangement with Ms. Temple and ARD as of September 2, 2016.

30. However, prior to any such termination, Mala Collective committed numerous material breaches of that agreement, including (without limitation) the following:

- Making or having made mala/other jewelry designs belonging to ARD at another company, replacing rudraksha beads with sandalwood. This includes, but is not limited to, copying ARD's signature charm but changing the name to Mala Collective, and adding Mala Collective's logo rather than that of ARD;

- Advertising and offering for sale malas and other jewelry designs in the U.S., including in New York City (see Exhibit 4);

- Offering free shipping to U.S. customers, via the Mala Collective website;

- Appearing at U.S. shows with ARD's products, causing ARD's authorized U.S. distributor to back out of the show;

- Approaching customers of ARD's authorized U.S. distributor Bali Malas and sending them catalogs of ARD products; and

- Approaching representatives of ARD's distributors in other countries, urging them to purchase products from Mala Collective, instead.

31. On or about September 20, 2016, undersigned counsel for Ms. Temple and ARD sent a letter to Mala Collective and its principals, Mr. Matt Bateman and Ms. Ashley Wray, setting forth the foregoing and demanding that Mala Collective, within ten (10) days, expressly agree to each of the following provisions, to be effective immediately:

1. Mala Collective will not make or have made, nor distribute, offer for sale, sell or otherwise make available, malas containing rudraksha beads by any other company or entity other than ARD;

2. For a period of two years after the date of any agreement under this letter, Mala Collective will not make or have made, nor distribute, offer for sale, sell or otherwise make available, malas incorporating any of ARD's designs; and

3. Mala Collective removes from its website—as well as from all social media outlets—all material and advertising of ARD and Ms. Temple, including (without limitation), removing all references to Ms. Temple as well as photographs of individuals (including Julia Roberts) wearing ARD-designed malas or other jewelry.

A copy of the September 20, 2016 letter is attached as Exhibit 5.

32. On or about September 29, 2016, undersigned counsel was contacted by counsel for Mala Collective, requesting additional time to prepare a response to the September 20, 2016 letter. Undersigned counsel agreed to an extension until October 21, 2016.

33. During the extension period, undersigned counsel was informed by Ms. Temple, who routinely monitored Mala Collective's website, that Mala Collective was using the additional time to, in effect, "double down" on its improper activities, including introducing an entirely new collection of rudraksha bead-incorporating jewelry.

34. On October 7, 2016, undersigned counsel sent a second letter to counsel for Mala Collective, noting the new, improper jewelry designs, and indicating Ms. Temple's and ARD's willingness to enter into litigation to vindicate and protect their rights. A copy of the October 7, 2016 letter is attached as Exhibit 6.

35. On or about October 18, 2016, counsel for Mala Collective responded to the September 20 letter. (See Exhibit 7). According to counsel, Mala Collective agreed that it will not use any mala or other designs that are unique to Ms. Temple or to ARD. Mala Collective also had already removed ARD promotional and marketing materials from its website. Finally, Mala Collective was willing to discuss entering into an agreement whereby it would purchase rudraksha seeds only from Ms. Temple and ARD.

36. Unfortunately, Mala Collective's subsequent actions show that its promises referenced in counsel's letter were worthless, and that it has no intention of abiding by any agreement.

37. On information and belied, on or about October 20, 2016, Mala Collective posted on the front page of its website the conspicuous headers "Sacred Rudraksha Seeds" and "Handmade in Bali," this latter over a large photograph of the ocean from the area where Ms. Temple's and ARD's workshop is located. (See Exhibit 8). On information and belief, the ocean photograph posted on Mali Collective's website is

10

nearly identical to an ocean photograph appearing on the website of ARD's U.S. distributor www.aumrudkraksha.us.

38. In addition, on information and belief, Mala Collective's website continues to refer to Ms. Temple, and Mala Collective continues to incorporate images of ARD malas, rosaries and jewelry design on its website and in its social media. (See Exhibit 9).

39. As a result of the foregoing willful, wrongful and unauthorized acts by Mala Collective, Ms. Temple and ARD have suffered and continue to suffer substantial damages, including loss of reputation and diminution of the distinctive nature of Ms. Temple's designs.

40. Still further, on information and belied, Mala Collective's website includes express statements that it: (a) grows rudraksha trees/beads; (b) supports high priests in Bali, Indonesia; and (c) donates a portion of its profits to a non-profit birthing and wellness center in Bali called Bumi Sehat, run by a woman named Robin Lim. (See Exhibit 10).

41. Ms. Temple has spoken with a personal friend, who has verified that Mala Collective does not donate any of its profits to the Bumi Sehat wellness center. Accordingly, the contrary statement on Mala Collective's website is literally false.

42. On information and belief, the statements on Mala Collective's website concerning growing rudraksha trees/beads and supporting high priests in Bali also are literally false.

## COUNT I

### (UNFAIR COMPETITION)
### (15 U.S.C. § 1125(a))

43. Plaintiffs repeat and re-allege each allegation set forth above in paragraphs 1-42.

44. Mala Collective's above-described actions, including (without limitation), continued reference to Ms. Temple on the Mala Collective website and in social media, and continued use of photographs of famous individuals wearing ARD's malas, constitute unfair competition under the Lanham Act, 15 U.S.C. § 1125(a).

45. Mala Collective's actions, as outlined, constitute use in commerce of a word, term, name, symbol, or device, or any combination thereof, as well as false or misleading description of fact, and false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive reasonable consumers of malas and rudraksha bead-containing jewelry items that Mala Collective's malas and jewelry items are affiliated with, connected with or associated with Ms. Temple and/or ARD, or that Ms. Temple and ARD sponsor or approve of Mala Collective's actions.

46. In addition, Mala Collective's commercial advertising and promotional activities described above misrepresent the nature, characteristics and qualities of its malas, rosaries and other jewelry.

47. Plaintiffs have no control over the nature and quality of Mala Collective's malas and other jewelry products. Any failure, neglect or default by Mala Collective in providing such goods will reflect adversely on Plaintiffs as the believed source of origin thereof, or approver or endorser thereof, thereby hampering efforts by Plaintiffs to

continue to protect their outstanding reputation for high quality malas, rosaries and other jewelry items.

48. As a result, Plaintiffs will suffer loss of sales thereof and the considerable expenditure to promote its products, all to the irreparable harm of Plaintiffs.

49. On information and belief, Mala Collective's above-described activities have caused and are likely to cause confusion and false designation of origin in the trade and among the public. This confusion constitutes irreparable harm and injury to Plaintiffs, which will continue unless Mala Collective is enjoined by this Court.

## COUNT II

## (BREACH OF CONTRACT)

50. Plaintiffs repeat and re-allege each allegation set forth above in paragraphs 1-49.

51. This claim arises under the law of Canada.

52. Based on the foregoing, a contract existed between ARD and Mala Collective.

53. ARD performed its obligations under the contract.

54. Based on the foregoing, Mala Collective breached its obligations under the contract, including (without limitation):

- Making or having made mala/other jewelry designs belonging to ARD at another company, replacing rudraksha beads with sandalwood. This includes, but is not limited to, copying ARD's signature charm but

13

changing the name to Mala Collective, and adding Mala Collective's logo rather than that of ARD;

- Advertising and offering for sale malas and other jewelry designs in the U.S., including in New York City;
- Offering free shipping to U.S. customers, via the Mala Collective website;
- Appearing at U.S. shows with ARD's products, causing ARD's authorized U.S. distributor to back out of the show;
- Approaching customers of ARD's authorized U.S. distributor and sending them catalogs of ARD products; and
- Approaching representatives of ARD's distributors in other countries, urging them to purchase products from Mala Collective, instead.

55. ARD has been and continues to be harmed as a result of Mala Collective's breach.

## JURY TRIAL DEMAND

56. Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand a trial by jury of all issues so triable in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Soma Temple and Aum Rudraksha Designs request that this Court enter judgment in its favor and providing the following relief:

A. Entry of a preliminary and permanent injunction against Mala Collective and anyone working in concert with Mala Collective from (i) making or

      having made, distributing, offering for sale, selling or otherwise making available, malas containing rudraksha beads; (ii) making or having made, distributing, offering for sale, selling or otherwise making available, malas incorporating any of ARD's designs; (iii) incorporating on the Mala Collective website, or in Mala Collective's social media outlets (including but not limited to blogs), any and all material and advertising of ARD and Ms. Temple, including (without limitation), references to Ms. Temple as well as photographs of individuals wearing ARD-designed malas or other jewelry; (iv) advertising and offering for sale malas and other jewelry designs in the U.S.; and (v) approaching customers of ARD's authorized U.S. distributor and sending them catalogs of ARD products;

B.    An award to Plaintiffs of all damages allowable under the Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), including, but not limited to, statutory and/or actual damages, including (1) Mala Collective's profits, (2) any damages sustained by Plaintiffs, and (3) the costs of the action;

C.    Deeming this to be an exceptional case under 15 U.S.C. § 1117(a), and awarding Plaintiffs' their reasonable attorneys' fees;

D.    An award to ARD of all damages incurred by Mala Collective's breach of contract;

E.    An award of Plaintiffs' full costs, including litigation expenses, expert witness fees, interest, and any other amounts authorized by law, and attorneys' fees incurred in connection with this lawsuit; and

F.    Such other and further relief as this Court deems just and proper.

Dated: January 26, 2017

        Respectfully submitted:

        SOMA TEMPLE and AUM RUDRAKSHA DESIGNS,
        By their attorneys,

        */s/ Clyde A. Shuman*
        Clyde A. Shuman (CS-6351)
        PEARL COHEN ZEDEK LATZER BARATZ LLP
        1500 Broadway, 12th Floor
        New York, New York 10036
        (646) 878-0800
        (646) 878-0801 fax
        cshuman@pearlcohen.com